DECISION AND JUDGMENT ENTRY {¶ 1} Defendant-appellant, Kim Rotroff, appeals the July 19, 2006 judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, which denied his Civ.R. 60(B) motion for relief from judgment. For the reasons that follow, we affirm.
 {¶ 2} The relevant facts are as follows. On February 6, 1997, appellee, Kelly Rotroff (n/k/a Fox), filed a complaint for divorce. The parties married in 1982, and have five children. *Page 2 
 {¶ 3} On September 9, 1997, the judgment entry of divorce was journalized. In the judgment entry, the court stated that "the proposed agreement between the parties is fair and equitable and that the parties have knowingly and intelligently entered into said agreement." The court then divided the parties' assets and liabilities. The asset at issue in this case, appellant's military pension, was divided as follows: "12. That Plaintiff shall be entitled to receive one half (1/2) of the military pension of Defendant valued at four hundred fifty dollars ($450.00) per month for the rest of her life."
 {¶ 4} On November 12, 2004, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1),(3), or (5). In his motion, appellant argued that the pension was improperly divided and that the military's letter of review was never forwarded to appellant and, thus, he was prevented from reviewing the mistakes. The motion also claimed that, unlike the court's judgment entry, the pension, by its own terms, terminates upon appellant's death. Finally, appellant argued that the payments should have ceased several years ago upon appellee's remarriage.
 {¶ 5} On August 31, 2005, appellant filed a supplemental motion for Civ.R. 60(B) relief which related to the trial court's August 2, 2005 judgment. This "supplemental" motion chiefly dealt with other disputed issues.
 {¶ 6} On July 19, 2006, the trial court denied appellant's motion. With regard to the dispute over appellant's pension, the trial court found that the motion was untimely. The court further noted that the fact that appellant had been receiving his portion of the *Page 3 
pension should have served as "notice" of the "mistake" claimed by appellant. This appeal followed.
 {¶ 7} Appellant, pro se, essentially argues that the trial court erroneously denied his motion for relief from judgment. It is well-settled that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, unconscionable or arbitrary.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} Civ.R. 60(B) sets forth the following grounds for relief from judgment:
 {¶ 9} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 10} In order to obtain relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate that: *Page 4 
 {¶ 11} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec, Inc. v.ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 12} These requirements must be shown by "operative facts" presented in evidentiary material accompanying the request for relief. East OhioGas Co. v. Walker (1978), 59 Ohio App.2d 216. Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the requirements set forth in GTE, supra. Argo Plastic ProductsCo. v. Cleveland (1984), 15 Ohio St.3d 389, 391.
 {¶ 13} In the present case, appellant moved for relief from judgment under Civ.R. 60(B)(1), (3), or (5). It is clear that the motion, as it pertains to sections (1) and (3), was untimely. A motion filed pursuant to Civ.R. 60(B)(5), although not subject to the one-year limitation, must be filed within a "reasonable time." GTE, supra. In demonstrating that the motion was filed within a "reasonable time," a movant has the burden of presenting evidentiary materials. Youssefi v. Youssefi (1991),81 Ohio App.3d 49, 53.
 {¶ 14} In the trial court, appellant argued that his Civ.R. 60(B) motion was untimely because he was prevented from reviewing the mistakes in the military's letter of review. In his merit brief before this court, appellant further argues that in 1999, he became aware of a problem and contacted the Defense Finance Accounting Service for *Page 5 
all of the relevant paperwork. Appellant claims that it took a "considerable time" to locate the paperwork and that it took approximately one year after receipt to determine the "true events" regarding the distribution. Finally, appellant contends that he requested that his attorney file a motion; the motion was never filed which caused further delay.
 {¶ 15} Upon review of the record and the arguments of the parties we find that appellant failed to meet his burden of establishing the timeliness of his motion. Appellant admitted that he became aware of a problem in 1999, when the payments did not cease upon appellee's remarriage. Further, appellee was being paid 50 percent of the pension, which appellant claimed was being distributed under an "incorrect formula," beginning in 1997. Finally, the pension division was originally agreed to by the parties, both represented by counsel, and was incorporated into the September 9, 1997 Judgment Entry of Divorce. Had appellant disagreed with the clear language in the judgment entry, he could have filed a Civ.R. 60(B) motion at that time. Accordingly, appellant's assignment of error is not well-taken.
 {¶ 16} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. JUDGE
Mark L. Pietrykowski, P.J. JUDGE
Thomas J. Osowik, J. JUDGE
 CONCUR. *Page 1