**The STATE of Ohio, Appellee,**

v.

**MITCHELL, Appellant.**

[Cite as *State v. Mitchell*, 183 Ohio App.3d 254, 2009-Ohio-3393.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1289.

Decided July 10, 2009.

Julia R. Bates, Lucas County Prosecuting Attorney, and Michael D. Bohner, Assistant Prosecuting Attorney, for appellee.

Jimmie Jones, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} Defendant-appellant, Brandon Vontrez Mitchell, appeals the June 8, 2007[1] judgment of the Lucas County Court of Common Pleas, which, following a jury trial convicting appellant of burglary, sentenced him to four years of imprisonment. For the reasons that follow, we reverse the trial court's judgment.

{¶ 2} On October 6, 2006, appellant was indicted on one count of burglary, R.C. 2911.12(A)(2) and 2911.12(C), a second-degree felony. The charge stemmed from an incident on July 18, 2006, when the victim's apartment was burglarized and several personal-property items were missing. Appellant entered a not-guilty plea, and the case proceeded to trial.

---

1. On June 4, 2009, this case was remanded to the trial court to conform the judgment entry to the requirements under *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163. Following the June 26, 2009 judgment entry, the appeal was reinstated.

{¶ 3} At trial, the following relevant evidence was presented. The victim, Dean Shirey, testified that on July 18, 2006, he left for work at approximately 7:00 a.m. Shirey testified that he returned home for lunch from 11:30 a.m. to 12:00 p.m. When he arrived home at 6:00 p.m., the window next to his apartment door was broken, and the door was open. Shirey testified that he did not touch the crime scene and that he immediately called the police.

{¶ 4} Toledo Police Officer Timothy Meyers testified that on July 18, 2006, at approximately 7:00 p.m., he responded to a burglary call on East Crawford Avenue. Upon arrival, Officer Meyers observed the broken window and what appeared to be fingerprints on the window. Meyers collected some pieces of glass, placed them in a bag, and booked them into the property room to be analyzed by the scientific-investigation unit.

{¶ 5} Toledo Police Detective Terry Cousino, assigned to the scientific-investigations unit, testified regarding his fingerprint-analysis training and experience; he was qualified as an expert in fingerprint analysis. Detective Cousino testified that on July 24, 2006, he received a request to process some fingerprints taken from the burglary scene on East Crawford Street. Detective Cousino testified that he submitted the prints he recovered into the Automated Fingerprint Identification System. Cousino testified that he identified all eight latent fingerprints as appellant's. Cousino's findings were subject to and confirmed by peer review.

{¶ 6} Duane Tillimon, owner of the six-unit rental property on East Crawford, testified that the victim, Dean Shirey, rented his unit, number 46, on July 1, 2006. Appellant's lease of unit 48 commenced on January 1, 2006. Tillimon testified that he replaced Shirey's window on June 26, 2006, and that he replaced appellant's window, allegedly broken during a burglary, on July 19, 2006.

{¶ 7} Toledo Police Detective Mark Nelson testified that on August 15, 2006, he answered a burglary call at 48 East Crawford. According to Detective Nelson, appellant gave the name Anthony Ervin and stated that the burglary had occurred the night before and that the burglars likely gained entrance through a window that had been broken during a prior burglary.

{¶ 8} Following the presentation of testimony and evidence, the jury found appellant guilty of burglary, in violation of R.C. 2911.12(A)(2) and (C), a second-degree felony. Thereafter, appellant was sentenced to four years of imprisonment. This appeal followed.

{¶ 9} Appellant now raises the following two assignments of error for our review:

{¶ 10} "There was not sufficient evidence presented to support a conviction for burglary in the second degree.

{¶ 11} "The trial court erred in not giving a jury instruction on fourth degree burglary."

{¶ 12} In appellant's first assignment of error, he argues that the evidence was insufficient to support a second-degree burglary conviction. Specifically, appellant contends that the evidence failed to demonstrate that during the burglary, a person was present or likely to be present.

{¶ 13} R.C. 2911.12(A)(2) provides:

{¶ 14} "(A) No person, by force, stealth, or deception, shall * * *:

{¶ 15} " * * *

{¶ 16} "(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense * * *."

{¶ 17} In reviewing a sufficiency-of-the-evidence claim, the relevant inquiry is whether any rational factfinder, viewing the evidence in a light most favorable to the state, could have found all the essential elements of the crime proven beyond a reasonable doubt. *State v. Jones* (2000), 90 Ohio St.3d 403, 417, 739 N.E.2d 300, citing *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, and *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. "On review for sufficiency, courts are to assess not whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (Cook, J., concurring).

{¶ 18} As properly stated by appellant, in order to be convicted of second-degree burglary of a residence, the state must prove that it was objectively likely that someone could be present at the time of the break-in. As set forth in R.C. 2911.12(A)(2), the term "likely to be present" " 'connotes something more than a mere possibility * * *. A person is likely to be present when a consideration of all the circumstances would seem to justify a logical expectation that a person could be present.' " *State v. Miller*, 2d Dist. No. 2006 CA 98, 2007-Ohio-2361, 2007 WL 1430204, ¶ 15, quoting *State v. Green* (1984), 18 Ohio App.3d 69, 72, 18 OBR 234, 480 N.E.2d 1128.

{¶ 19} In *Miller*, the evidence demonstrated that the burglary took place at approximately 4:00 a.m. The victim testified that she worked the 11:00 p.m. to 7:00 a.m. shift at a local hospital. The victim could think of only two occasions when she had varied from this schedule—when she forgot to take a prescribed medication and when she left her curling iron on. Id. at ¶ 17. Based on the

victim's testimony, the court concluded that the state failed to prove that the victim was likely to be present, an element of burglary under R.C. 2911.12(A)(2). Id.

{¶ 20} Similarly, in *State v. Brown* (Apr. 28, 2000), 1st Dist. No. C–980907, 2000 WL 492054, the burglary victim testified that he left home for work at approximately 7:15 a.m. and did not return until 4:45 p.m. No evidence was presented that he ever came home during the workday or that any other person had regular access to the home. Id. The evidence demonstrated that the burglary occurred at approximately 3:30 p.m. The court concluded that the state failed to establish that any person was likely to be present in the home. See also *State v. Frock*, 2d Dist. No. 2004 CA 76, 2006-Ohio-1254, 2006 WL 677715 (insufficient evidence that person likely to be present where evidence demonstrated that the victim left for work at 7:15 a.m., returned at 2:00 p.m., and the burglary occurred between 1:00 and 1:30 p.m.).

{¶ 21} Conversely, in *State v. Cravens* (June 25, 1999), 1st Dist. No. C–980526, 1999 WL 567098, the court found sufficient evidence of a person likely to be present where the residents had varying daytime work schedules and the burglary occurred around 12:00 p.m. Specifically, the husband was a college professor whose schedule changed every school semester; the wife was a home-care nurse, and her schedule changed daily. Both would occasionally stop home during the day to eat lunch or do work.

{¶ 22} In the present case, the victim, Dean Shirey, presented the following testimony regarding his weekday schedule:

{¶ 23} "Q.: What time do you normally leave for work?

{¶ 24} "A.: Seven.

{¶ 25} "Q.: Seven o'clock in the morning?

{¶ 26} "A.: Right.

{¶ 27} "Q.: How far away is work?

{¶ 28} "A.: Mile and a half.

{¶ 29} "Q.: Okay. How long does it take you to get there?

{¶ 30} "A.: Four minutes.

{¶ 31} "Q.: Okay. Do you drive?

{¶ 32} "A.: I drive, yes, and come home every day for lunch.

{¶ 33} "Q.: Okay. And what time do you normally get home?

{¶ 34} " * * *.

{¶ 35} "A.: For lunch, 11:30 to 12.

{¶ 36} "Q.: 11:30 to 12 o'clock. How long is your lunch break?

{¶ 37} "A.: Half hour.

{¶ 38} "Q.: And you immediately go back to work?

{¶ 39} "A.: Right.

{¶ 40} "Q.: What time did the day end?

{¶ 41} "A.: 3:30 to 5:30."

{¶ 42} Shirey testified that on the day in question, when he went home for lunch, his apartment was in order. Shirey stated that he arrived home at approximately 6:00 p.m. and discovered the break-in.

{¶ 43} Viewing the evidence in a light most favorable to the prosecution, we find that the state failed to provide sufficient evidence that Shirey was likely to be present at the time of the burglary. Unlike the situation in *State v. Cravens*, 1999 WL 567098, the state failed to demonstrate that Shirey's workday schedule varied widely and that he was in and out of the apartment at differing times. Further, the state did not offer evidence of the time of the burglary. Obviously, it did not occur during the first half of Shirey's workday; it must have occurred between 12:00 p.m. and 6:00 p.m. Although Shirey's quitting time did sometimes vary, absent knowledge of the time of the burglary, we cannot say that he was "likely to be present" at the time of the burglary. Accordingly, we find that appellant's first assignment of error is well taken.

{¶ 44} In appellant's second assignment of error, he argues that the trial court erred when it failed to instruct the jury on the lesser included offense of fourth-degree burglary. Based on our disposition of appellant's first assignment of error, we find that appellant's second assignment of error is moot and is not well taken.

{¶ 45} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

HANDWORK and SINGER, JJ., concur.