The STATE of Ohio, Appellee,

v.

JACKSON, Appellant.

[Cite as *State v. Jackson*, 188 Ohio App.3d 803, 2010-Ohio-1846.]

Court of Appeals of Ohio,
Fourth District, Ross County.

No. 09CA3120.

Decided April 23, 2010.

Michael M. Ater, Ross County Prosecuting Attorney, and Richard W. Clagg, Assistant Prosecuting Attorney, for appellee.

Benjamin J. Partee, for appellant.

---

ABELE, Judge.

{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Gerald F. Jackson Jr., appellant, guilty of burglary in violation of R.C. 2911.12. Appellant assigns the following error for review:

The trial court erred in denying appellant's Criminal Rule 29 motion to acquit as the state failed to present sufficient evidence to support a conviction for fourth-degree felony burglary.

{¶ 2} On January 10, 2009, Lisa Gildon was playing cards with her mother when she heard a noise. She looked outside and saw someone across the street on the porch of a mobile home. She then observed the person look into windows, then throw a rock through the window glass. As the intruder tried to enter the home through the broken window, Gildon called 911. Shortly thereafter, three Chillicothe police officers arrived at the premises and found appellant inside the mobile home.

{¶ 3} The Ross County Grand Jury returned an indictment that charged appellant with burglary, and the matter came on for trial. That trial, however, ended in a mistrial. At the conclusion of appellant's second trial, appellant moved for a Crim.R. 29(A) judgment of acquittal. The basis for his motion was that the mobile home's resident was not present during the night of the break-in and, in fact, spent considerable time staying with his parents. Consequently, appellant maintained that the prosecution failed to prove the "likely to be present" element of R.C. 2911.12(A)(4).[1]

{¶ 4} The trial court overruled the motion, although the court noted that the issue is "close." After the defense put on its case and the jury returned a guilty verdict, the trial court sentenced appellant to serve a 17–month prison term. This appeal followed.[2]

---

1. That statute provides that "[n]o person, by force, stealth, or deception, shall * * * [t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender *is present or likely to be present.*" (Emphasis added.)

2. We note that no judgment was entered on the jury verdict, and the June 10, 2009 sentencing entry does not include a recitation of appellant's plea. Previously, this might have presented jurisdictional problems under Crim.R. 32(C), which requires that a final criminal judgment

{¶ 5} Appellant asserts in his sole assignment of error that the trial court erred by not granting his Crim.R. 29(A) motion of acquittal. The standard of review for a Crim.R. 29(A) motion is generally the same as a challenge to the sufficiency of the evidence. See *State v. Hairston*, Scioto App. No. 06CA3081, 2007-Ohio-3880, 2007 WL 2181535, at ¶ 16; *State v. Brooker*, 170 Ohio App.3d 570, 2007-Ohio-588, 868 N.E.2d 683, at ¶ 8. In other words, appellate courts must determine whether the evidence adduced at trial, if believed, supports a finding of guilt beyond a reasonable doubt. See *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; *State v. Jenks* (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492.

■ {¶ 6} After our review of the trial transcript, we agree with appellant that the prosecution failed to adduce sufficient evidence that the resident of the burglarized premises was "likely to be present" at the time of the burglary.

{¶ 7} Michael Stimmer testified that he rented the premises from his parents. He conceded that he spent most of January 2009 at his parents' home rather than at the rental premises. When asked on direct examination where he was on the night of the break-in, he stated, "I probably would have been at my mom and dad's." The witness's testimony on cross is informative:

Q:  * * * During the month of January of [2009] you weren't staying that much because of health isn't that right?

A:  Yes sir.

Q:  You were actually spending more time, most of your time at your parent's house on Limestone Boulevard?

A:  Probably so, yes, I was helping my parents and not as much health as it was my family.

* * *

Q:  Is it fair to say that the month of January you stayed—

A:  Yes sir.

Q:  On Limestone Boulevard?

A:  Yes sir.

---

include the defendant's "plea." However, in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, a majority of the Ohio Supreme Court ruled that we should ignore the "grammatically" correct reading of the rule and, instead, apply what the majority thinks is a "a more logical interpretation" of the rule. This "logical interpretation" does not require the recitation of a not-guilty plea, despite the plain language of Crim.R. 32(C). Id. at ¶ 13–14. We, however, share the sentiments of Chief Justice Moyer and Associate Justice O'Connor. Id. at ¶ 23–30. We also await further guidance from the court's majority on when we, too, can ignore the "grammatically" correct readings of rules and statutes and read into them more logical interpretations. Additionally, after *Baker* was released, Crim.R. 32(C) has been amended.

\* \* \*

Q: Okay, alright. At any rate, you weren't there on January tenth [2009], am I right?

A: Right. Wait a minute, I was there until in the morning.

Q: You were there—

A: The family came out and put a board over the window, yes.

Q: Okay but didn't have no intention of staying there that night beforehand?

A: No I was asleep when I had to go there.

Q: And it wasn't your plan to be there that night?

A: It wasn't my plan at all, no.

Q: Okay and had [you not been woken up] and told that—

A: Yeah, I was asleep.

Q: You would not have been there that night?

A: I would not have been there.

Q: I take it no one else would have been there either?

A: No, no one had a key, no one was allowed.

\* \* \*

Q: And in fact it would have been that way for a number—for a period of time before then and after that?

A: That's quite right.

Q: Had it not been for this call that you got?

A: That's correct.

Q: And you had no plans of going there anytime soon at that time?

A: I really was floating back and forth. I would have gone and done my laundry or something \* \* \*

Q: When was the last time that did that before January [10th]?

A: It had been a while, I don't know.

Q: A week or two?

A: Could have been?

Q: Could it have been another week or two before you planned to go back?

A: No, I go out every two or three days.

Q: Every two or three days?

A: Yes.

Q: But at any rate, on January [10th, 2009], you did not intend to be there.

A: No I didn't.

{¶ 8} Construing this evidence most strongly in favor of the prosecution, Stimmer was at the mobile home between one-half to one-third of the month of January 2009. He also (1) had no intention to be there the night of the burglary, (2) did not recall when he had last been there, and (3) did not state when he intended to return.

{¶ 9} The fact that a dwelling is used as a residence is not, standing alone, sufficient to show that someone is "likely to be present" at the time of a burglary. See *State v. Frock*, Clark App. No. 2004CA76, 2006-Ohio-1254, 2006 WL 677715. The phrase "likely to be present" connotes more than a mere possibility; a person is "likely to be present" in a home when the consideration of all surrounding facts and circumstances justifies a logical expectation that a person could be present. See *State v. Mitchell*, 183 Ohio App.3d 254, 2009-Ohio-3393, 916 N.E.2d 876, at ¶ 18; *State v. Miller*, Clark App. No. 2006 CA 98, 2007-Ohio-2361, 2007 WL 1430204, ¶ 15. Neither party cites authority directly on point with the unusual facts and circumstances of this case, and we have not found any such authority in our own research. It is logical to assume, however, that a person is more "likely to be present" in cases when he is inside the home at least once a day and, thus, we turn to those types of cases for guidance.

{¶ 10} Although in *State v. Kilby* (1977), 50 Ohio St.2d 21, 4 O.O.3d 80, 361 N.E.2d 1336, the charge was aggravated burglary rather than burglary, the Ohio Supreme Court ruled, at paragraph one of the syllabus, that someone is "likely to be present" when the prosecution shows that the house is "regularly inhabited, that the occupying family was *in and out on the day in question*," and the house was burglarized when the family was temporarily absent. (Emphasis added.) In the case at bar, no evidence was adduced to show that Stimmer was at his house on the day of the burglary until the police summoned him to the scene. To the contrary, Stimmer testified that he was not at the residence, had no intention of going to the residence, and was unsure of when he would go to the residence.

{¶ 11} Numerous Ohio appellate courts have reversed burglary convictions that involved temporarily absent occupants (usually for employment) and the prosecution adduced no evidence to show that their work schedules made it likely that they could be at the residence when the break-in occurred. See, e.g., *Mitchell* at ¶ 43 (burglary occurred during second half of resident's work schedule and no evidence showed that the resident would be at home); *Miller* at ¶ 17 (resident worked 11 P.M. to 7 A.M. shift and no evidence was adduced to show that she could have been present during a 4 A.M. burglary); *State v. McCoy*, Franklin App. No. 07AP–769, 2008-Ohio-3293, 2008 WL 2588568, at ¶ 24 (burglary occurred while resident was at work and no evidence showed that she ever came home during the work day).

{¶ 12} Once again, we point out that in the case sub judice, the prosecution introduced no evidence to show that Stimmer was at the residence, would be at the residence, or planned to be at the residence during the time of the burglary. To the contrary, Stimmer's testimony is clear that he had no intention to be at his residence that day, that he had not been there for some time, and that he had no idea when he would return. Construing Stimmer's testimony most strongly in favor of the prosecution, he apparently spent between one-third and one-half of the month of January at the mobile home. Consequently, we believe that this evidence is insufficient for a jury to conclude that someone is "likely to be present" the night of the incident.

{¶ 13} We acknowledge, however, that when an occupant is absent for extended periods of time, a person may still be "likely to be present" under the statute if the occupant gave a key to a neighbor or to someone else and asked them to check on the property. See, e.g., *State v. Pennington*, Warren App. No. CA2006–11–136, 2007-Ohio-6572, 2007 WL 4295687, at ¶ 32; *State v. Weber* (Dec. 23, 1997), Franklin App. No. 97APA03–322, 1997 WL 798299. That is not the case here, however. In the case sub judice, we find no evidence to indicate that Stimmer asked others to check his property and, in fact, he explicitly stated that no other person had a key or had permission to enter the residence.

{¶ 14} For all these reasons, we agree with appellant that insufficient evidence was adduced to show that the occupant of the burglarized premises was "likely to be present" at the time of the burglary. Thus, his assignment of error is well taken and is hereby sustained.[3]

Judgment reversed
and cause remanded.

HARSHA and KLINE, JJ., concur.

---

**3.** Although the evidence is insufficient to support a burglary conviction under R.C. 2911.12(A)(4), on remand the parties and the trial court may explore the propriety of a judgment of conviction on a lesser included offense. See, generally, *State v. Scott,* Scioto App. No. 02CA2841, 2002-Ohio-7083, 2002 WL 31846327, at ¶ 13 and 15; *State v. Brown,* Franklin App. No. 05AP–601, 2006-Ohio-2307, 2006 WL 1280895; *State v. Miller,* Clark App. No. 2006CA98, 2007-Ohio-2361, 2007 WL 1430204, at ¶ 20.