[Cite as *State v. James*, 2012-Ohio-966.]

COURT OF APPEALS
DELAWARE  COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon.  W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon.  John W. Wise, J. |
| | : | Hon.  Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11 CAA 05 0045 |
| KENNETH E. JAMES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County Court of
                                                          Common Pleas  Case No. 10 CR I 06 0313


JUDGMENT:                                       AFFIRMED, IN PART; REVERSED &
                                                          REMANDED, IN PART


DATE OF JUDGMENT ENTRY:         March 7, 2012


APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

BRIAN J. WALTER                              DAVID H. BIRCH
Assistant Prosecuting Attorney            2 West Winter Street
140 North Sandusky Street                  Delaware, Ohio  43015
Delaware, Ohio  43015

*Delaney, J.*

{¶1} Defendant-appellant Kenneth E. James appeals his conviction and sentence in the Delaware County Court of Common Pleas.

{¶2} By jury verdict rendered April 15, 2011, appellant was found guilty of one count of theft ($5,000 or more but less than $100,000), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; and one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree. By entry filed April 21, 2011, appellant was sentenced to six years in prison on the burglary charge, consecutive to twelve months on the theft charge. The trial court determined that the charges did not merge for purposes of sentencing.

{¶3} Appellant timely appealed and raises three assignments of error:

{¶4} "I. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL MADE AT THE CLOSE OF ALL EVIDENCE.

{¶5} "II. THE CONVICTION WAS AGAINST THE MANIFEST WEIGH (SIC) OF THE EVIDENCE.

{¶6} "III. THE TRIAL COURT ERRED BY FINDING THAT COUNT ONE, BURGLARY, AND COUNT TWO, THEFT, DO NOT MERGE FOR PURPOSES OF SENTENCING.

I., II.

{¶7} In the first and second assignments of error, appellant challenges the sufficiency and weight of the evidence upon which the jury verdict rested.

{¶8} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins,* 78 Ohio

St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

{¶9}   In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as a "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins,* supra, at 387 (citation omitted). Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." Id.

{¶10}  The state presented four witnesses at trial. The first witness was Brian Hourt, the victim, who testified he returned to his residence on Home Road, Delaware, Ohio, in the evening of July 16, 2008, to find that his Honda ATV and five fishing poles had been removed from his garage and other belongings had been moved. The home

is set several hundred feet back from the road and is secluded by trees.  The side access door to the garage was partially open.  He also noticed a discarded cigarette butt in the driveway near the front of the garage.  Mr. Hourt thought this was unusual because neither he nor anyone who frequents his home smokes cigarettes.  Mr. Hourt testified he typically works 8:30 a.m to 5 p.m., and returns home in the evening and sleeps there; however, after he returned home from work on July 15th, he left and did not return home  because he had stayed overnight in Columbus.

{¶11}  The police were contacted and Sheriff's Deputy Stayer responded to the scene. Deputy Stayer took photographs, which were admitted at trial, and collected the cigarette butt as evidence.  Sheriff's Detective Bessinger testified he sent the cigarette butt to the Bureau of Criminal Identification and Investigation ("BCI") for DNA analysis and a preliminary match was made to appellant. Detective Bessinger attempted to locate appellant to obtain an oral DNA standard for a one-on-one comparison.  He was able to locate appellant in April, 2010 and obtained an oral swab. During the police interview, appellant denied involvement in the burglary, but later he made a statement indicating he may have taken something from outside the residence.

{¶12}  The state's last witness was Kristen Slaper, a forensic scientist from BCI. She testified she compared the DNA profile obtained from the cigarette butt to appellant's oral swab standard.  Her results indicated that appellant could not be excluded as the source of DNA from the cigarette butt and the expected frequency of the same DNA profile occurrence was 1 in 127,600,000,000,000,000,000 unrelated individuals.

{¶13} Appellant argues the State did not present sufficient evidence to convict him of burglary because the evidence was uncontroverted that neither Mr. Hourt nor anyone else was present during the burglary and theft.

{¶14} Appellant was convicted of burglary, a violation of R.C. 2911.12(A)(2), which provides:

{¶15} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶16} " * * *

{¶17} "(2) Trespass in an occupied structure * * * when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶18} Therefore, in order to be convicted of second degree burglary of a residence, the state must prove that it was objectively likely that a person was likely to be present at the time of the break-in. *State v. Haas*, 11th Dist. No. 2009-P-0068, 2010-Ohio-6249, ¶ 38. Several Ohio appellate courts, including this court, have reversed burglary convictions that involved temporarily absent occupants (usually for employment) and the prosecutor failed to meet its burden of proving that a person was present or was likely to be present when the defendant broke into the residence. See, *State v. Rothrock*, 8th Dist. No. 93602, 2010-Ohio-4102, *State v. Jackson,* 188 Ohio App.3d 803; 2010-Ohio-1846, 937 N.E.2d 120 ( 4th Dist.); *State v. Broyles*, 5th Dist. No. 2009 CA 0072, 2010-Ohio-1837; *State v. Mitchell*, 183 Ohio App.3d 254, 2009-Ohio-3393, 916 N.E.2d 876 (6th Dist.); *State v. McCoy*, 10th Dist. No. 07AP-769, 2008-Ohio-3293; *State v. Miller*, 2nd Dist. No. 2006 CA 98, 2007-Ohio-2391.

{¶19} Conversely, the Ohio Supreme Court and other appellate courts have upheld burglary convictions if the state presented evidence from which a trier of fact could permissively infer that someone was likely to be present at the time of the trespass. See, *State v. Fowler*, 4 Ohio St.3d 16, 445 N.E.2d 1119 (1983); *State v. Kilby*, 50 Ohio St.2d 21, 361 N.E.2d 1336 (1977); *In the Matter of D.P.*, 6th Dist. No. L-10-1054, 2011-Ohio-285; *State v. Haas*, supra.

{¶20} Viewing the evidence in the light most favorable to the prosecution, as we are required to do, we conclude the state presented sufficient evidence that would allow a rational trier of fact to find it was likely that a person would be present. In this case, the burglary happened during a 24-hour window, from Mr. Hourt's departure from his home on the evening of July 15th until his return in the evening of July 16th. Mr. Hourt testified he normally was only absent from the residence during his work day. It was very unusual that he did not return home to sleep on the night of July 15th. Therefore, a reasonable juror could conclude that it was more likely than not that someone would be in the home during the 24-hour time frame.

{¶21} Appellant further argues his conviction was against the manifest weight of the evidence because the only evidence linking him to the crimes was his DNA found on the discarded cigarette butt.

{¶22} The elements of an offense may be established by direct evidence, circumstantial evidence or both. *State v. Durr*, 58 Ohio St.3d 86, 568 N.E.2d 674 (1991). Circumstantial evidence is defined as, " '[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts, sought proved. * * *' ". *State v.*

*Nicely*, 39 Ohio St.3d 147, 150, 529 N.E.2d 1236 (1988), quoting Black's Law Dictionary (5th Ed.1979) 221. Circumstantial and direct evidence are of equal evidentiary value. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991).

{¶23}  The DNA found on the discarded cigarette butt physically linked appellant to the crime scene.  The condition of the cigarette butt indicated it had been left there recently. Mr. Hourt indicated he did not smoke, no one was present at the residence recently, and he would have noticed the butt there and cleaned it up.   In addition, the jury heard appellant's statement to Detective Bessinger indicating his concern with the accusation of being inside the residence, and could possibly admit to the crime if the items were taken from outside the home.

{¶24}  When considering the evidence as a whole, and all reasonable inferences, we find the verdict did not create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

{¶25}  The first and second assignments of error are overruled.

III.

{¶26}  In the third assignment of error, appellant contends that his convictions for burglary and theft should have merged.

{¶27}  R.C. 2941.25 provides:

{¶28}  "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶29}  "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or

similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶30} The Ohio Supreme Court held in *State v. Whitfield,* 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 122, that upon guilty verdicts on allied offenses, the state must elect which of the offenses it chooses to seek sentencing for, and the court must accept the state's choice and merge the crimes into a single offense for purposes of sentencing. Id. at ¶ 24.

{¶31} The Ohio Supreme Court's most recent pronouncement on allied offenses is found in *State v. Johnson*, 128 Ohio St.3d, 2010-Ohio-6314, 942 N.E.2d 1061, wherein the Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." Id. at syllabus. The court redefined the test for determining whether multiple offenses should be merged as allied offenses of similar import under R.C. 2941.25, and overruled its prior decision in *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999) "to the extent that it calls for a comparison of statutory elements solely in the abstract under R.C. 2941.25." *Id.* at ¶ 14.

{¶32} As noted previously, appellant was convicted of burglary, a violation of R.C. 2911.12(A)(2), which provides:

{¶33} "(A) No person, by force, stealth, or deception, shall do any of the following:

{¶34} " * * *

{¶35} "(2) Trespass in an occupied structure * * * when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense."

{¶36} Appellant also was found guilty of theft under R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent [.]"

{¶37} We note that prior to *Johnson*, the Ohio Supreme Court ruled in *State v. Mitchell*, 6 Ohio St.3d 416, 453 N.E.2d 593 (1983), that aggravated burglary (previously codified under R.C. 2911.11) and theft do not constitute allied offenses of similar import under R.C. 2941.25(A).

{¶38} In *Johnson*, the Court found that the felony offenses of felony murder and child endangering were allied because the same conduct constituted the commission of two offenses of similar import. "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. * * * If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind." (Citation omitted). If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. Conversely, if the court determines that the commission of one offense will *never* result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for

each offense, then according to R.C. 2941.25(B), the offenses will not merge." *Johnson, supra,* at ¶48-51.

{¶39} Since appellant's sentencing herein, three Ohio appellate districts have addressed merger of sentences for burglary and theft convictions in the post-*Johnson* era. *State v. Ruby,* 6th Dist. No. S-10-028, 2011-Ohio-4864, ¶ 59 (holding that aggravated burglary and grand theft counts should have been merged as allied offenses for sentencing where theft of firearms and money was the purpose and grand incidence of the burglary into residence); *State v. Blackburn,* 4th Dist. No. 10CA46, 2011-Ohio-4624, ¶ 15-16 (finding it is possible to commit the offenses of burglary, theft, and receiving stolen property with the same conduct and were actually committed by the same conduct when the defendant trespassed inside a home to steal a television, stole the television and retained it); *State v. Bridgeman,* 2nd Dist. No. 2010 CA 16, 2011-Ohio-2680, ¶ 54 (holding that the offenses of aggravated burglary and grand theft were committed with a single state of mind where the defendant forcibly entered a bank to commit grand theft, threatened the employees with a firearm, and left with money from bank).

{¶40} Applying *Johnson* to the facts of this case, we find the burglary and theft charges stem from appellant's conduct of entering the garage to steal the items therein. Appellant committed both offenses through a single course of conduct and with single state of mind. Therefore, the charges are allied offenses and should have been merged. The state retains the right to elect which allied offense to pursue on resentencing.

{¶41} The third assignment of error is sustained.

{¶42} We therefore affirm, in part, and reverse, in part, the judgment of the Delaware County Court of Common Pleas and remand this matter to the trial court for proceeding consistent with this decision.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. James*, 2012-Ohio-966.]

IN THE COURT OF APPEALS FOR DELAWARE  COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| KENNETH E. JAMES | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11 CAA 05 0045 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed, in part, and reversed, in part. The cause is remanded to the trial court for proceedings consistent with the Opinion.  Costs assessed equally to the parties.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE