PIPER, J., dissenting.
{¶ 23} The testimony the state relies upon to establish someone was likely to be present on the day the trespass occurred merely establishes the possibility that someone might have gone to the house on that day. There is no testimony to justify a logical expectation that on the day in question, anyone was anticipated to be at the house or planned on returning to the house that day.
{¶ 24} In my opinion, the fact that a person "sometimes" goes to the house at whim, is nothing more than a possibility . Precedent repetitively demonstrates that the likelihood of someone being present must be specific to when the trespass occurred. The testimony of someone going to the house on weekends or in the evenings is of no relevance because this trespass occurred neither on the weekend nor in the evening. The suggestion that someone might have gone there that day is like the suggestion we rejected in State v. Petit , 12th Dist. Madison No. CA2016-01-005, 2017-Ohio-633, 2017 WL 679319. Such testimony has no probative value that someone was likely to be present when the three girls knocked twice, received no response, *7 then entered the garage attached to the house which was in the process of foreclosure.
{¶ 25} If people were "in and out on the day in question," that would be a different matter. State v. Fowler , 4 Ohio St.3d 16, 19, 445 N.E.2d 1119 (1983). Here, however, the testimony does not suggest that the house was "regularly inhabited" nor that anyone regularly visited the house on Mondays when this event occurred. Nor was there any testimony that someone regularly visited the house during the afternoons. There was no testimony that work schedules or other routines made it likely or expected that someone would be in the residence, or going to the residence, when the trespass occurred. See State v. Jackson , 188 Ohio App.3d 803, 2010-Ohio-1846, 937 N.E.2d 120 (4th Dist.).
{¶ 26} A neighbor considered the house to be "abandoned" and gave no testimony of persons being at the house in an ongoing or routine way, let alone in the afternoon when this trespass occurred. Despite family members sometimes going to the residence on sporadic, unestablished days at undetermined times, there was simply no testimony to demonstrate that the circumstances "justify a logical expectation" that a person was likely to be present when the three girls went inside. Petit , 2017-Ohio-633, 2017 WL 679319.
{¶ 27} Like Petit , "the state presented no evidence that the victim would have returned home while the burglary was taking place." Id. at ¶ 25. In Petit, we reversed due to the evidence being insufficient that someone was likely to be home even though the state's position was that the victim "could have decided to go home * * * and was intending to go home." Id. We also specified in Petit , "the state must adduce specific evidence that the occupant was present or likely to be present" and the state failed to prove the necessary element of "likely to be present" because of the lack of a "timeline."[1] Id. at ¶ 23 and ¶ 20. (Emphasis added).
{¶ 28} While the evidence before us is certainly sufficient to support an adjudication of delinquency of a lesser offense, the evidence is insufficient to support an adjudication of delinquency by burglary because an element of that offense was not established. Therefore, as to this aspect of the majority's opinion only, I would respectfully dissent and I would reverse as to the sufficiency of the evidence for which K.L.P.W. was adjudicated delinquent.

Relative degrees of burglary are directly related to the potential risk of harm posed by the circumstances. See State v. Marriott , 189 Ohio App.3d 98, 2010-Ohio-3115, 937 N.E.2d 614 (2d Dist.). The entire record sub judice does not reveal any testimony of a realistic risk of harm other than the trespass itself.