[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kljun v. McCloud,* Slip Opinion No. 2019-Ohio-1334.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-1334

KLJUN ET AL., APPELLEES, *v*. MCCLOUD,[1] ADMR., ET AL., APPELLANTS.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Kljun v. McCloud,* Slip Opinion No. 2019-Ohio-1334.]

*Appeal dismissed as having been improvidently accepted.*

(No. 2017-1576—Submitted January 30, 2019—Decided April 11, 2019.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. CA-17-105340, 2017-Ohio-7724.

_____

{¶ 1} This cause is dismissed as having been improvidently accepted.

{¶ 2} The court orders that the opinion of the court of appeals may not be cited as authority except by the parties inter se.

O'CONNOR, C.J., and FISCHER, DONNELLY, and STEWART, JJ., concur.

FRENCH, J., dissents, with an opinion joined by KENNEDY and DEWINE, JJ.

_____

[1] Under S.Ct.Prac.R. 4.06(B), Stephanie McCloud, the current administrator of the Bureau of Workers' Compensation, is automatically substituted for Stephen Buehrer, the former administrator, as a party to this action.

DeWINE, J., dissents, with an opinion joined by KENNEDY and FRENCH, JJ.

_____

**FRENCH, J., dissenting.**

{¶ 3} I respectfully dissent from the dismissal of this appeal as improvidently accepted, and I would reverse the judgment of the Eighth District Court of Appeals. The Eighth District's decision erroneously broadens the law-of-the-case doctrine. In doing so, it dictates how the Ohio Bureau of Workers' Compensation ("BWC") must pay certain partial-disability-compensation benefits, even though neither the trial court nor the court of appeals has addressed any statutory basis for that dictate. The issues presented here implicate matters of public and great general interest that justify this court's discretionary review. *See* S.Ct.Prac.R. 5.02(A)(3).

*Facts and procedural background*

{¶ 4} At its core, this case is about whether the BWC can refuse to issue payments for partial-disability compensation under R.C. 4123.57(B) as lump-sum payments. In 2012, as part of the Mid-Biennium Budget Review, the General Assembly amended R.C. 4123.57(B), 2012 Am.Sub.H.B. No. 487 ("H.B. 487"), to state that "the compensation payable per week to the employee is the statewide average weekly wage as defined in [R.C. 4123.62(C)] per week and shall be paid in installments according to the following schedule." R.C. 4123.57(B) also provides, "Compensation paid in weekly installments according to the schedule described in this division may only be commuted to one or more lump-sum payments pursuant to the procedure set forth in" R.C. 4123.64. By comparison, while the prior version of R.C. 4123.57(B), 2006 Am.Sub.S.B. No. 7, 151 Ohio Laws, Part I, 1019, 1080, likewise described "the compensation payable per week to the employee," it did not state that compensation "shall be paid in installments." Nor did it mention lump-sum payments.

2

**{¶ 5}** Plaintiffs-appellees, Jeffrey Kljun, Reginald D. Humphrey, Robert Grable, Michael J. Dunlap, Jonathan J. Marazza, and Louis A. Cataldo Sr. (collectively, "claimants")—each of whom alleges that he sustained a compensable workplace injury involving the loss of use of one or more limbs, appendages, or organs that entitled him to benefits under R.C. 4123.57(B)—filed this action for a declaratory judgment and injunctive relief against defendant-appellants, the Administrator of BWC and the Industrial Commission of Ohio (collectively, "the state"). In Count I, the claimants requested a declaratory judgment that the H.B. 487 amendments to R.C. 4123.57(B) violate the Ohio Constitution's one-subject rule, which states, "No bill shall contain more than one subject, which shall be clearly expressed in its title," Ohio Constitution, Article II, Section 15(D). In Count II, the claimants requested a permanent injunction prohibiting the state from "enforcing any aspect of H.B. 487 that is found to violate the Ohio Constitution."

**{¶ 6}** On cross-motions for summary judgment, the trial court held that H.B. 487 did not violate the one-subject rule, and it granted summary judgment in favor of the state.

**{¶ 7}** The claimants appealed and raised a single assignment of error—that the trial court erred, as a matter of law, when it determined that H.B. 487 did not violate the one-subject rule. The Eighth District thoroughly discussed the claimants' one-subject challenge. Although it acknowledged that the claimants had also sought a permanent injunction against enforcement of the invalid provisions of H.B. 487, the court of appeals did not otherwise address the claim for injunctive relief. *Kljun v. Morrison*, 2016-Ohio-2939, 55 N.E.3d 10, ¶ 4 (8th Dist.) ("*Kljun I*"). The Eighth District sustained the claimants' assignment of error, held that the amendment to R.C. 4123.57(B) violated the one-subject rule, and reversed the trial court's judgment. It remanded the case "with instructions for the trial court to enter judgment, as a matter of law," in the claimants' favor. *Id.* at ¶ 35.

{¶ 8} On remand, the trial court entered judgment in favor of the claimants. The journal entry declared the H.B. 487 amendment to R.C. 4123.57(B) unenforceable. But the entry also enjoined the state "from refusing to issue lump-sum payments of loss benefits due once the claim is finalized." Cuyahoga C.P. No. CV-13-803120 (Sept. 13, 2016).

{¶ 9} The state appealed and challenged the trial court's judgment granting injunctive relief. The state argued that the trial court had exceeded the scope of the appellate mandate from *Kljun I* by enjoining it from refusing to issue lump-sum payments of benefits. The state claimed that the trial court's judgment erroneously prohibited BWC from complying with R.C. 4123.57(B) as it existed prior to the passage of H.B. 487.

{¶ 10} The claimants responded to the state's arguments in the court of appeals by arguing that the law-of-the-case doctrine prohibited the state from challenging the trial court's judgment for injunctive relief because the state could have pursued that issue in *Kljun I*. The Eighth District agreed: "Our decision in *Kljun I* disposed of the issue that [the state raises]. Accordingly, the law of the case precludes [the state's] attempt to revisit the 'injunction issue' in this appeal and precludes any modification to the trial court's judgment." 2017-Ohio-7724, ¶ 12 ("*Kljun II*").

{¶ 11} This court accepted a discretionary appeal to consider the contours of the law-of-the-case doctrine and its application in this case.

*Analysis*

{¶ 12} The Eighth District held that the trial court "properly followed the law of this case" when it enjoined the state from refusing to issue benefits under R.C. 4123.57(B) in lump-sum payments. *Id.* at ¶ 8. I disagree.

{¶ 13} The law-of-the-case doctrine provides that "the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing

4

levels." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). " 'The doctrine of law of the case comes into play only with respect to issues previously determined.' " *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 16, quoting *Quern v. Jordan*, 440 U.S. 332, 347, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), fn. 18, *see also Bowles v. Russell*, 432 F.3d 668, 676 (6th Cir.2005) ("the doctrine applies only to issues that have been decided explicitly (or by necessary implication) by a court"), citing *United States v. Graham*, 327 F.3d 460, 464 (6th Cir.2003). The law-of-the-case doctrine is a rule of practice, not a rule of substantive law, and courts will not apply it to achieve unjust results. *Nolan* at 3, citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 730-731, 146 N.E. 291 (1924).

{¶ 14} The law-of-the-case doctrine ensures consistency of results in a case, aids in finally settling the issues, and preserves the structure of superior and inferior courts. *Id.* In pursuit of these goals, it compels trial courts to follow reviewing courts' mandates. *Id.* The trial court is bound to carry the appellate court's mandate into execution, and it may not consider questions that the mandate laid to rest. *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). But the trial court is free to consider other issues. *See Giancola* at ¶ 16.

{¶ 15} Here, the law-of-the-case doctrine did not compel the trial court to enjoin the state from refusing to issue lump-sum payments of benefits under R.C. 4123.57(B). Nor did it preclude the Eighth District from considering the state's arguments in *Kljun II*.

{¶ 16} The Eighth District limited its analysis in *Kljun I* to the claimants' one-subject-rule challenge. It thoroughly addressed the one-subject-rule challenge and held that "the portion of H.B. 487 that amends the period for paying scheduled loss benefits to injured workers under R.C. 4123.57(B) violates the one-subject rule" and is unenforceable. *Kljun I*, 2016-Ohio-2939, 55 N.E.3d 10, at ¶ 33. That legal ruling became the law of the case for all future proceedings. But *Kljun I* did not address the practical effect of its ruling.

**{¶ 17}** When a court invalidates a statutory amendment, the statute reverts to its previous version. *See Stevens v. Ackman*, 91 Ohio St.3d 182, 191, 743 N.E.2d 901 (2001). The state and the claimants agree that the pre-H.B. 487 version of R.C. 4123.57(B) now governs the state's duties, in light of the Eighth District's holding that the H.B. 487 version of the statute is unenforceable. The Eighth District did not, however, determine in *Kljun I* what the pre-H.B. 487 version of R.C. 4123.57(B) required of the state. It acknowledged that the BWC allowed injured workers to be paid scheduled-loss benefits in a lump-sum prior to the passage of H.B. 487, *Kljun I* at ¶ 3, but it also noted that it was a regulation, not R.C. 4123.57(B), that authorized those payments, *id.* at ¶ 17.

**{¶ 18}** The state has consistently argued that even if the H.B. 487 amendments to R.C. 4123.57(B) are unconstitutional, the version of R.C. 4123.57(B) in effect before 2012 would not prohibit the state from paying scheduled-loss benefits in installments. In opposition to the claimants' motion for summary judgment, the state argued, "[E]ven if th[e] Court should find that the amendment of R.C. 4123.57(B) in H.B. 487 violates the 'one-subject rule,' th[e] Court is without authority to further alter that statute in order to mandate how scheduled loss benefits are to be paid." The state raised that same argument in *Kljun I*, but the claimants responded that the state's alternative argument was not ripe for judicial determination. The court of appeals did not address the state's argument regarding its obligations under the pre-H.B. 487 version of R.C. 4123.57(B). It simply held that the amended statute was unenforceable. In short, nothing in *Kljun I* can be read to hold that the pre-H.B. 487 version of R.C. 4123.57(B) required the state to pay scheduled-loss benefits in lump-sum payments. Accordingly, there is no "law of the case" as to that issue.

**{¶ 19}** As part of its application of the law-of-the-case doctrine in *Kljun II*, the court of appeals stated that the state was aware that the claimants sought both declaratory and injunctive relief. The court of appeals, however, conflated the relief

necessarily available for a one-subject-rule violation—an injunction against enforcement of the unconstitutional statutory amendment—with injunctive relief that goes on to specify, based on the prior version of the statute, how the state must proceed. The state has not argued that the trial court erred by granting any injunctive relief as part of its compliance with the *Kljun I* mandate; the state argues only that the trial court went too far by granting injunctive relief beyond that addressed in or required by *Kljun I*.

{¶ 20} The claimants argue that when the Eighth District directed the trial court to enter judgment, as a matter of law, in favor of the claimants, the trial court was required to enter judgment on both counts I and II. They maintain that the appellate mandate "left no room for any further litigation" and that "all that was left for remand was the formality of final judgment being entered." And they are correct insofar as the mandate required the trial court to declare the H.B. 487 amendments to R.C. 4123.57(B) unenforceable as a result of a one-subject-rule violation and to enjoin the state from enforcing the unconstitutional amendments. But the trial court's judgment affords broader injunctive relief than the claimants requested in their complaint.

{¶ 21} The mandate to enter judgment for the claimants on count II required the trial court only to enjoin the state from enforcing the H.B. 487 version of R.C. 4123.57(B), which violated the one-subject rule. An injunction against "enforcing any aspect of H.B. 487 that is found to violate the Ohio Constitution" is the complete relief that the claimants requested in count II. The *Kljun I* mandate did not require the trial court to enter injunctive relief beyond what the claimants requested in their compliant.

{¶ 22} On remand following *Kljun I*, the trial court entered a judgment for injunctive relief beyond that requested in the claimants' complaint and beyond that required by the Eighth District's mandate. The law-of-the-case doctrine did not compel the trial court to enjoin the state from refusing to issue lump-sum payments

under R.C. 4123.57(B) when the court of appeals did not decide what the pre-H.B. 487 version of the statute required of the state. Nor did the law-of-the-case doctrine preclude the Eighth District from considering the state's arguments in *Kljun II*. The Eighth District's decision in *Kljun II* sets a dangerous precedent by impermissibly expanding the reach of the law-of-the-case doctrine.

*Conclusion*

{¶ 23} For these reasons, I dissent from the court's dismissal of this appeal as improvidently accepted, and I would reverse the Eighth District's judgment.

KENNEDY and DEWINE, JJ., concur in the foregoing opinion.

_____

**DEWINE, J., dissenting.**

{¶ 24} I dissent from the majority's entry dismissing this appeal. Here's why:

{¶ 25} First, as Justice French explains, the decision below is undeniably wrong. The first appeal did not decide anything but the one-subject challenge and no one has seriously argued otherwise. *See Kljun v. Morrison*, 2016-Ohio-2939, 55 N.E.3d 10, ¶ 4, 33-34 (8th Dist.). There is simply no basis for the broad injunctive relief issued by the trial court on remand. (There is not even an arguable basis.)

{¶ 26} Second, we made the decision to take the case and the parties have briefed and argued it to this court. In granting jurisdiction, we recognized that the case presented an issue of public or great general interest. *See* S.Ct.Prac.R. 5.02(A)(3). Nothing about this case has changed since the time we accepted it. The issues continue to be of significant public interest.

{¶ 27} Dismissal of a case as improvidently accepted is appropriate "where a case presented on the merits is not the same case as presented on motion to certify." *Williamson v. Rubich*, 171 Ohio St. 253, 259, 168 N.E.2d 876 (1960). Such situations tend to arise when the court later discovers that no question of

general interest remains, *see* S.Ct.Prac.R. 7.10, in-depth review reveals that the issue has been waived, *see State v. Mayfield*, 102 Ohio St.3d 1240, 2004-Ohio-3440, 811 N.E.2d 81, ¶ 5 (Lundberg Stratton, J., concurring), or the facts of the case otherwise prevent the court from reaching the issue presented, *see Ahmad v. AK Steel Corp.*, 119 Ohio St.3d 1210, 2008-Ohio-4082, 893 N.E.2d 1287 (O'Connor, J., concurring). None of those circumstances are present here.

{¶ 28} Third, the majority's action has the effect of leaving a blatantly incorrect result in place. The majority cannot defend the decision below and doesn't even try to do so. Implicitly recognizing the wrongness of the appellate court's judgment, the majority even forbids other litigants from citing the decision as authority. But for the claimants in this case and the Bureau of Workers' Compensation ("BWC"), the majority's decision has the exact same effect as an affirmance.

{¶ 29} Fourth, it is not clear from the majority's decision what the BWC is to do now. The judgment affirmed by the court of appeals ordered broadly: "Defendants are enjoined from refusing to issue lump-sum payments of loss benefits due once the claim is finalized." Cuyahoga C.P. No. CV-13-803120 (Sept. 13, 2016). The majority today leaves that decision in place but says the court of appeals' opinion may be cited only "by the parties inter se." So what does that mean? Does the court of appeals' ruling require lump-sum payments only to the seven plaintiffs? Or do the broad terms of the injunction—which this court leaves undisturbed—continue to apply to the BWC in its dealing with all claimants? I certainly don't know—and it's a pretty safe guess that the majority's action will give rise to more litigation to sort this out.

{¶ 30} To put it simply, there is no reason to dismiss this case as improvidently accepted. If the majority wants to leave the court of appeals' decision in place, it ought to at least explain its reasons to the public. By failing to

do so, and by issuing a do-not-cite order without reversing the judgment below, today's decision creates uncertainty and invites more litigation.

KENNEDY and FRENCH, JJ., concur in the foregoing opinion.

—————————————

Plevin & Gallucci Co., L.P.A., and Frank Gallucci III; Paul W. Flowers Co., L.P.A., Paul W. Flowers, and Louis E. Grube; Brian, Zwick, Marchisio, Stone & Associates and Richard F. Brian, for appellees.

Dave Yost, Attorney General, Benjamin M. Flowers and Stephen P. Carney, Deputy Solicitors, and Jeffrey B. Duber and Christie Limbert, Assistant Attorneys General, for appellants.

—————————————