[Cite as *State v. Ramunas*, 2021-Ohio-3191.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 20 CAA 12 0054 |
| KRISTEN RAMUNAS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING: Criminal appeal from the Delaware County Court of Common Pleas, Case No. 20 CR I 03 0171


JUDGMENT: Affirmed in part; Reversed in part and Remanded


DATE OF JUDGMENT ENTRY: September 13, 2021


APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Delaware Coounty Prosecutor
BY: R. JOSEPH VARVEL
Assistant Prosecutor
145 North Union Street
Delaware, OH 43015

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
46 1/2 North Sandusky Street
Delaware, OH 43015

*Gwin, J.,*

{¶1} Defendant-appellant Kristen Ramunas ["Ramunas"] appeals her sentences after a negotiated guilty plea in the Delaware County Court of Common Pleas.

*Facts and Procedural History*

{¶2} In the winter of 2019 and 2020, Ramunas stole jewelry, credit cards, and personal items from six elderly persons living at Powell Assisted Living and Memory Care where she was working at the time. As a result, Ramunas was indicted on two counts of second-degree felony burglary, because she went into two victim's rooms by force, stealth, or deception when the victim was present or likely to be, to commit the offenses, in violation of R.C. 2929.12(A)(2)(counts one and eight); three counts of fifth-degree felony theft, because the economic value of what was stolen from three elderly victims was not significant, in violation of R.C. 2913.02(A)(1)(counts two, three, and four); three counts of fourth-degree felony theft, because the economic value of what was stolen from three elderly victims was more significant, in violation of R.C. 2913.02(A)(1); (counts five, six, and nine); and two counts of fourth-degree felony identity fraud, because Ramunas took credit cards from two of these elderly victims, to use at different stores, in violation of R.C. 2913.49(B)(2).

{¶3} On October 29, 2020, Ramunas pleaded guilty to every count in the indictment. The two burglaries (count 1 and count 8) were amended from second-degree felonies to third-degree felonies, because no accomplice was present or likely to be present.

{¶4} On December 1, 2020, during the sentencing hearing, the trial court raised the issue of whether Ramunas's burglary counts merged with the underlying theft

offenses for which Ramunas also pleaded guilty. The state argued that those offenses did not merge, because the harm from burglary is different from the harm of the thefts. The state contended that the burglaries were complete at the time of the trespass, and that the thefts itself was not truly complete until Ramunas disposed of the stolen items at a pawn shop. Ramunas argued that those offenses merged, because her purpose in committing the burglaries and thefts were the same, and that there was a commonality between location and theft.

{¶5} Ultimately, the trial court concluded those offenses did not merge. The trial judge reasoned that burglary has a separate economic harm and purpose, because it relates to a person's ability to live peacefully within their own residence. It reasoned that theft was different, it is a different offense, with its own purpose. The trial court then reviewed Ramunas's partial pre-sentence investigation. The trial court sentenced Ramunas to an aggregate four-and-a-half-year prison sentence. The judge imposed a nine-month prison sentence for both burglaries, which it ran concurrently to the six-month prison sentences for the underlying theft offenses. The judge then imposed a six-month sentence on every other offense, running them consecutively to one another. In the end it concluded that these sentences were necessary to protect the public from future crime, and to punish Ramunas, when it concluded that the harm caused was so great that no single prison term reflected the seriousness of Ramunas's actions.

*Assignment of Error*

{¶6} Ramunas raises one Assignment of Error:

{¶7} "I. THE TRIAL COURT ERRED IN FAILING TO MERGE RAMUNAS'S BURGLARY AND THEFT COUNTS."

*Law and Analysis*

**{¶8}** Ramunas argues the trial court erred in failing to merge Ramunas's two burglaries (count one and count 8), with the underlying theft counts (count two and count eight).

**Standard of Appellate Review**

**{¶9}** We review a trial court's R.C. 2941.25 determination de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 12. As the Ohio Supreme Court in *Williams* observed,

> Appellate courts apply the law to the facts of individual cases to make a legal determination as to whether R.C. 2941.25 allows multiple convictions. That facts are involved in the analysis does not make the issue a question of fact deserving of deference to a trial court:
>
> > [A] review of the evidence is more often than not vital to the resolution of a question of law. But the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact. Nor does that consideration involve the court in weighing the evidence or passing upon its credibility.
>
> *O'Day v. Webb*, 29 Ohio St.2d 215, 219, 280 N.E.2d 896 (1972).
>
> As in cases involving review of motions to suppress, "the appellate court must * * * independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797

N.E.2d 71, ¶ 8. In cases like this, it is the jury making factual determinations, and the reviewing court owes deference to those determinations, but it owes no deference to the trial court's application of the law to those facts.

*Williams,* 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶25-26.

**Issue for Appellate Review:** *Whether R.C. 2941.25 allows multiple convictions for burglary and theft in Ramunas's case*

{¶10}  R.C. 2941.25 states:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11}  In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, syllabus, the Supreme Court of Ohio held:

1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2841.25, courts must evaluate three separate factors—the conduct, the animus, and the import.

2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2841.25(B) when the defendant's conduct constitutes offenses

involving separate victims or if the harm that results from each offense is separate and identifiable.

> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

{¶12}   In paragraph 26 of the opinion, the *Ruff* court stated:

> At its heart, the allied-offense analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. The evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. When a defendant's conduct victimizes more than one person, the harm for each person is separate and distinct, and therefore, the defendant can be convicted of multiple counts. Also, a defendant's conduct that constitutes two or more offenses against a single victim can support multiple convictions if the harm that results from each offense is separate and identifiable from the harm of the other offense. We therefore hold that two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.

{¶13} In count one and count eight, Ramunas was convicted of burglary, a violation of R.C. 2911.12(A)(2), which provides:

(A) No person, by force, stealth, or deception, shall do any of the following:

* * *

(2) Trespass in an occupied structure * * * when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶14} In count two and count nine, Ramunas also was found guilty of theft under R.C. 2913.02(A)(1), which provides that "[n]o person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent [.]"

{¶15} "Trespass" is defined as knowingly and without privilege entering or remaining on the premises of another. R.C. 2911.21(A)(1). "The crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized because the trespass has not been completed." *State v. Powell*, 59 Ohio St.3d 62, 63, 571 N.E.2d 125(1991). Therefore, an offender "may form the purpose to commit a criminal offense at any point during the course of a trespass." *State v. Fontes*, 87 Ohio St.3d 527, 2000–Ohio–472 721 N.E.2d 1037, syllabus. (Construing the Aggravated Burglary statute). Because the language concerning "purpose to commit...any criminal offense" is also found in R.C. 2911.12, defining burglary, the rule of law set forth in *Fontes* also applies to the offense of burglary. *See State v. Evett*, 9th Dist. Medina No. 14CA0008-M, 2015-Ohio-2722, ¶ 16; *State v. Tyson,* 10th Dist. Franklin No. 10AP–830, 2011–Ohio–4981, ¶ 31; *State v. Moore,* 12th Dist. Butler No. CA2205–06–148, 2006–Ohio–2800, ¶ 8; *State v. Russell,* 5th Dist. Ashland No. 18-COA-021, 2019-Ohio-692, ¶43.

**{¶16}** Thus, a key element of the crime of burglary is a trespass *with the intent to commit any criminal offense.* If no intent to commit a criminal offense is proven then the offender may be guilty of a criminal trespass pursuant to R.C. 2911.21. Criminal trespass is a lesser included offense of burglary. *State v. Morris,* 9th Dist. Medina No. 07CA0044-M, 2008-Ohio-3209, ¶7; 11.

**{¶17}** In the case at bar, "the state was required to show that [Ramunas] invaded the dwelling for the purpose of committing a crime or that [s]he formed that intent during the trespass." *State v. Gardner,* 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, ¶33 (citation omitted).

**{¶18}** As is evident from the ten-count indictment in the case at bar, from December 2019 through February 2020, Ramunas was engaged in stealing items from the residents of the assisted living facility where she was employed. When she entered the room of a patient on December 31, 2019 and February 17, 2020, her sole intent was to steal items from the room. There was no breaking and entering, no separate victim, and the sole purpose in entering the rooms was to steal items. Thus, the conduct and the animus for entering the room and for stealing items therein are identical in this case. In other word, Ramunas's actions were committed as one continuing course of conduct. *Cf., State v. James,* 5th Dist. Delaware No. 11 CAA 05 0045, 2012-Ohio-966, ¶40 (applying *State v. Johnson*, 128 Ohio St.3d, 2010–Ohio–6314, 128 Ohio St.3d 153, 942 N.E.2d 1061, *abrogation recognized in State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, 49 N.E.3d 266, ¶11).

**{¶19}** Without minimizing the seriousness of Ramunas's conduct in this case, to find that the harm caused by the trespass into the rooms is separate and identifiable from

the harm caused by the taking of items from the rooms is, in essence, to render R.C. 2941.25 a nullity. Whenever two crimes are charged in an indictment an argument can be made that the harm from each is "separate and identifiable" so merger would never be permitted in any case. Prior to the pronouncement in *Ruff*, this court found that burglary and theft were allied offenses pursuant to R.C. 2941.25. *See*, *State v. James,* 5th Dist. Delaware No. 11 CAA 05 0045, 2012-Ohio-966, ¶40.

{¶20} In the case at bar, we find that the burglary and theft charges stem from Ramunas's conduct of entering the resident's room with the purpose to steal items therein. Ramunas committed both offenses through a single course of conduct and with a single state of mind. Therefore, the charges in count one and two are allied offenses and should have been merged, and the charges in count eight and count nine are allied offenses and should have been merged. The state retains the right to elect which allied offense to pursue on resentencing.

{¶21} We recognize that the trial court imposed the sentence for count one concurrently with the sentence for count two and the sentence for count eight concurrently with the sentence for count nine. However, the imposition of concurrent sentences is not the equivalent of merging allied offenses. *State v. Damron,* 129 Ohio St.3d 86, 2011-Ohio-2268, 95 N.E.2d 512, ¶17. Therefore, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing. Id. *citing* State *v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 41–43.

{¶22} "When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offenses that

remain after the state selects which allied offense or offenses to pursue. R.C. §§ 2929.19(A), 2941.25." *State v. Wilson,* 121 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381 at paragraph one of the syllabus. Only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *Wilson* at ¶15 citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, at paragraph three of the syllabus.

{¶23} Ramunas's sole assignment of error is sustained.

{¶24} The judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part. Ramunas's sentences on Count One and Count Two and Count Eight and Count Nine are vacated. In accordance with the Ohio Supreme Court's decision in *State v. Wilson*, 129 Ohio St.3d 214, 2011–Ohio–2669, 951 N.E.2d 381, we remand this case to the trial court for further proceedings consistent with that opinion.

By Gwin, J.,

Baldwin, P.J., and

Wise, Earle, J., concur